### In re C. H. BENNETT SHOE CO.

(District Court, D. Connecticut. June 23, 1908.)

#### No. 1,402.

BANKRUPTCY—PROVABLE DEBTS—MONEY BORROWED TO EFFECT COMPOSITION.

A note given by a bankrupt corporation to a stockholder for money borrowed with which to effect a composition, and which was so used, is not without consideration and may be proved as a debt in a second bankruptcy proceeding.

In Bankruptcy. On certificate from referee.

See 140 Fed. 687.

The following is the referee's certificate upon petition for review:

To the honorable James P. Platt, District Judge: I, John W. Banks, the referee in charge of this proceeding, do hereby certify: That in the course of this proceeding an order was made and entered on February 22, 1908, allowing the claim of the estate of Mary L. Bennett against this estate in the sum of $6,450. That on the 4th day of March, 1908, certain creditors by Robert H. Gould, their attorney, filed a petition for review, which was granted. That the facts upon which order was based are as follows: Prior to the present bankruptcy proceeding, the C. H. Bennett Shoe Company had been adjudged a bankrupt July 6, 1903, being case No. 1,096 in bankruptcy in this court. In that proceeding it made its creditors a composition offer of 26 per cent., which was accepted. This composition proceeding made necessary the deposit in court by the bankrupt of upwards of $6,000. Mary L. Bennett was one of the stockholders and directors of the bankrupt corporation. She owned real estate in the state of Rhode Island and had $1,221.83 on deposit in the Bridgeport Savings Bank. She mortgaged this real estate for $3,500, drew $1,221.83 out of the savings bank, and, adding enough thereto to make the total sum $5,000, loaned said sum of $5,000 to the bankrupt corporation to enable it to effect the composition with its creditors. This loan was made some time in August, 1903; the composition offer being accepted by the creditors August 17, 1903. On November 10, 1903, pursuant to a vote of the board of directors, the C. H. Bennett Shoe Company gave Mrs. Bennett its note for $5,000 as evidence of this indebtedness. In September, 1904, the C. H. Bennett Shoe Company ordered shoes from Greene, Anthony & Co., but was unable to obtain them on credit. In order to enable the company to obtain these shoes, Mrs. Bennett gave her check for $400, payable to C. H. Bennett, her husband and the president of the corporation, and by him indorsed to Greene, Anthony & Co., who thereupon shipped merchandise to that amount to the C. H. Bennett Shoe Company. No objection to the allowance of this claim was made by the trustee, but certain creditors filed specifications of objections to its allowance on the ground that no consideration for said note of $5,000 or said sum of $400 moved to said bankrupt corporation. The referee overruled said objections and allowed the claim as filed. The question presented on this review is the correctness of said ruling. Said question is certified to the judge for his opinion thereon.

Robert H. Gould, for objecting creditors.

Beers & Foster, for trustee.

PLATT, District Judge. The creditors claim that no consideration moved to said corporation in the situation set forth by the finding of facts. The corporation could borrow money to enable it to settle an offer of composition made to and accepted by its creditors. Having borrowed the money, it could give to the person who loaned the money its note with interest as an evidence of the indebtedness, and the money borrowed would form a consideration for the making of the note. Whether the money was a gift or a loan was a question of fact to be decided by the referee. He heard the evidence and ruled adversely to the objecting creditors. The testimony, so far as I have been able to assimilate it, seems to sustain the referee's finding. It is too much to believe that Mrs. Bennett would have put herself to such inconvenience and risk with the purpose in her mind to donate so large a sum of money to the bankrupt corporation. Wifely devotion cannot be counted upon to rush to such extremes.

The decision is affirmed.